THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **KEVIN JOEL RAMOS-CASTRO,**<br><br>**Plaintiff,**<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **Civ. No. 23-1142 (ADC)**<br>**[Related to Crim. 19-501-01 (ADC)]** |

## OPINION AND ORDER

Kevin Joel Ramos-Castro ("petitioner") was charged with Hobbs Act Conspiracy, 18 U.S.C. § 1951 (Count One); Attempted Hobbs Act Robbery, 18 U.S.C. § 1951 (Count Two:); Possessing and Brandishing a Firearm in Furtherance of a Crime of Violence (Aid and Abet), 18 U.S.C. § 924(c) (Count Three).

In 2020, petitioner agreed to plead guilty to Count One and Count Three. **Crim. No. 19-501-1, ECF No. 66**. Accordingly, in July 2021, petitioner was sentenced to 24 months as to Count One and a mandatory consecutive 60 months as to Count Three. **Crim. No. 19-501-1, ECF No. 108-09**. Count Two was dismissed per the parties' agreement.

On March 27, 2022, petitioner filed the instant pro se petition pursuant to 28 U.S.C. § 2255. **ECF No. 1**. Petitioner argues that under *United States v. Taylor*, 142 S. Ct. 2015 (2022), his § 924(c)

conviction must be vacated. Indeed, in *Taylor*, the Supreme Court held that attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), is not a "crime of violence," as that term is defined in 18 U.S.C. § 924(c)(3)(A), because it does not have as an element the use, attempted use, or threatened use of physical force. *Id*. at 2021.

On November 27, 2023, the parties informed the Court that they had reached and agreement in light of *Taylor* and petitioner's § 2255 petition. **ECF No. 3**. Considering the fact that the government may seek to reinstate charges that it relinquished in connection with the plea if the Court grants vacatur of a 18 U.S.C. § 924(c) count to which a defendant pleaded guilty, *see* 18 U.S.C. § 3296, and conceding that the Court is free on resentencing to effectuate its original sentencing intentions by increasing the sentence on the surviving count to match the original sentence, the parties asked the Court to:

> (1)… grant Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 and vacate Petitioner's 18 U.S.C. § 924(c) conviction on Count Three.
>
> (2)… modify Petitioner's sentence on Count One to 57 months—taking into account the conduct to which Petitioner admitted as part of his plea agreement and enter an amended judgment to that effect.

**ECF No. 3** at 4. Upon approval, petitioner agreed to waive his right to be present for any resentencing. *Id*. Moreover, petitioner also agreed to waive his right to take any appeal of the outcome of this revised sentence and to waive any right to collaterally challenge the resolution of this § 2255 motion. *Id*.

Accordingly, and in the interest of justice, the Court hereby **Grants, Approves** and **Adopts** the parties' *Stipulation Concerning Petitioner's § 2255 Petition*, at **ECF No. 3**. Thus, the

Court **GRANTS** the § 2255 petition **at ECF No. 1** in accordance with the agreements and stipulations at **ECF No. 3** and this Opinion and Order. Therefore, the Court hereby vacates petitioner's 18 U.S.C. § 924(c) conviction on Count Three and modify petitioner's sentence on Count One to 57 months of imprisonment—taking into account the conduct to which Petitioner admitted as part of his plea agreement.  Other terms and conditions within the original judgment (SRT) as to Count One.

Amended Judgment shall be entered accordingly.

In light of the parties' agreements included in the *Stipulation Concerning Petitioner's § 2255 Petition*, at **ECF No. 3,** a Certificate of Appealability, pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, is not required herein.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 29th day of January 2024.

                                      **S/AIDA M. DELGADO-COLÓN**
                                      **United States District Judge**